## AUGUSTINE H. DOWNING *vs.* MAE V. GRADY.

### DECEMBER 28, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit brought by a lawyer against his client to recover for legal services, ren-

dered to her, and disbursements made at her request in settling the estates of her father and mother. The defendant was administratrix of each of said estates. A jury in the Superior Court returned a verdict for the plaintiff for $1,853.36. The trial justice denied the defendant's motion for a new trial on condition that plaintiff remit $11.18 of said verdict, which sum, in the opinion of the trial justice, was an excess due to an error in computing interest. The plaintiff duly filed a remittitur, and the case is before us on defendant's exceptions as follows: To the denial of defendant's motion for a new trial; to the admission of evidence; to instructions to the jury and to the refusal to instruct the jury as requested.

The plaintiff contended that he made a contract with the defendant to settle the two estates for $1,500. The defendant denied making any such contract and contended that the plaintiff agreed to perform the services for a nominal sum.

The final account approved by the probate court in one estate contained an item of $200, and the final account in the other an item of $1,300, for attorney's fees. The plaintiff contended that immediately after said accounts were allowed he agreed to accept $1,150, plus the amount of his disbursements, provided payment be made within two days. Several bills were sent to the defendant for $1,150 plus the amount of disbursements. Defendant wrote the plaintiff promising to make payment, and actually sent two money orders for $10 each, and made no complaint as to the amount of the bill. By deducting the amount of the disbursements and interest it is apparent that the jury found that the defendant did agree in advance to pay the plaintiff $1,500 for the services to be performed and that it was their intention to award him $1,500, plus interest from the date of the writ, plus the amount of the disbursements.

The trial justice was of the opinion that the defendant agreed in advance to pay the plaintiff $1,500 for the services to be performed. The testimony upon this point was con-

flicting. The defendant's testimony was entirely inconsistent with her conduct. She promised by letter to pay the bill as rendered and made no objection as to its amount until plaintiff insisted that payment be made. We find no reason for setting aside the verdict on the ground of being against the weight of the evidence.

Defendant excepted as follows to the instructions given to the jury: "Exception to that part of the charge wherein your Honor said that in this case the attorney was entitled to reasonable compensation, if there wasn't any specific contract. Also to that part of the charge wherein your Honor said that the plaintiff is entitled to a verdict on a special contract, if you are convinced he has proved the same."

In the course of the trial the plaintiff stated that he was not relying upon the *quantum meruit*. It is apparent that he intended to insist that he had a special contract and was not seeking to recover what his services were reasonably worth. The jury having found for the plaintiff for the amount of the alleged contract it is reasonably evident that they disregarded the portion of the charge first above excepted to and that the defendant was not prejudiced thereby.

As to the portion of the charge second above excepted to the defendant contends, first, that the plaintiff cannot recover on a special contract because he did not plead it and, second, that he cannot recover on the common counts because, as the defendant contends, he waived them.

We cannot assume that the plaintiff intended to waive entirely his right to recover. The case was tried on the theory that the plaintiff was seeking to recover on a special contract, and it is well settled that "when a contract has been fully executed, and nothing remains to be done but the payment of the price agreed on, the plaintiff may declare specially on the contract, or he may rely on the common counts in *indebitatus assumpsit*." *McDermott* v. *St.*

*Wilhelminia &c.*, 24 R. I. 527; *Freese* v. *Pavloski*, 39 R. I. 512.

The trial justice used great care in submitting the case to the jury on the issues which were presented, and the requests for instructions so far as they are applicable to the case were embodied in the charge.

We find no error in the admission of evidence.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as reduced by the remittitur.

*Charles A. Kiernan,* for plaintiff.

*Grim, Littlefield & Eden, Benjamin W. Grim,* for defendant.